# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE SANDOVAL,**

          Plaintiff,

**UNITED WISCONSIN INSURANCE COMPANY, COMPCARE HEALTH SERVICES INSURANCE CORP. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,**

          Involuntary plaintiffs,

    -vs-                                Case No. 14-C-639

**BRIDGE TERMINAL TRANSPORT, Inc., CURTIS PARKER, MAERSK TRUCKING HOLDING, Inc., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**

          Defendants.

## DECISION AND ORDER

Jose Sandoval was injured at work while loading a commercial motorized vehicle that unexpectedly began to drive away. The CMV belonged to Bridge Terminal Transport, Inc. ("BTT"), and was being driven by one of its employees, Curtis Parker. Sandoval brings claims against Parker and BTT for negligence. This matter was removed from Milwaukee County Circuit Court on the basis of diversity jurisdiction. Now before the Court are Sandoval's motion to compel discovery and BTT's corresponding

motion for a protective order. Sandoval's motion is granted, and BTT's motion is denied.

The federal discovery rules are liberal to further the parties' interest in preparing a case for trial or in settling their disputes in advance of trial. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The burden rests upon the objecting party to show why a particular discovery request is improper. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). The Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, …" Fed. R. Civ. P. 26(c)(1).

Sandoval served written discovery seeking information and responsive materials related to other instances of property damage or injury to a person where BTT's truck prematurely pulled away from a dock. BTT argues that this information is not relevant because Sandoval's employer, D.R. Diedrich, controlled the procedure at the dock, not BTT. According to BTT, those procedures require that drivers remain in the

tractor while it is being loaded. Sandoval disputes this assertion, arguing that drivers went into the building before loading to announce their arrival and after loading to sign the billing paperwork. Moreover, Sandoval's expert testified about the industry standard that requires a driver to get out of his tractor and make sure that nothing has developed underneath, around, or inside his vehicle after the "blind time" spent in the truck while it was being loaded.

"Other accident" evidence is "generally deemed admissible both to prove the existence of a defect or danger in a location or a product and to show that the defendant had notice of the defect or danger, so long as the other accidents are 'substantially similar' to the accident at issue in the litigation." *Mihailovich v. Laatsch*, 359 F.3d 892, 908 (7th Cir. 2004); *see also Lobermeier v. Gen. Tel. Co. of Wis.*, 349 N.W.2d 466, 476 (Wis. 1984). Evidence that other BTT drivers prematurely pulled away from docks is relevant because it suggests a pattern or practice of unsafe loading practices. Even if Sandoval's employer controlled the loading procedure, Parker and BTT still have a duty of care with respect to Sandoval. *Hoida, Inc. v. M&I Midstate* Bank, 688 N.W.2d 691, 696 (Wis. Ct. App. 2004) ("In Wisconsin, everyone owes a duty to all others to refrain from any act that will cause foreseeable harm to others"). BTT's attempt to deflect blame to

- 3 -

D.R. Diedrich is a factual issue for trial.

Next, BTT argues that it will be subject to undue burden and expense because Sandoval's requests are overbroad. For example, Sandoval requests information about accidents involving all 28 BTT terminals located across the country; about accidents that occurred over a 25-year time frame; and about accidents that resulted in property damage, as opposed to personal injury. As a result, BTT argues that it will be forced to manually search through 19,033 reports that are contained in a database dating from September 30, 1991 through the sale of BTT in September 2013. BTT estimates that it will take approximately 3,172 hours to perform the initial review to respond to Sandoval's discovery request (10 minutes per report).

In this context, the Court must "compare the hardship to the party against whom discovery is sought, if discovery is denied." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 726 F.2d 1150, 1159 (7th Cir. 1984). BTT argues that Sandoval would be subject to minimal hardship because he already deposed witnesses with direct knowledge of Diedrich's procedures at the dock and who witnessed the accident. As the Court already explained, evidence of other accidents involving BTT trucks and deliveries is clearly relevant to Sandoval's claims. This would encompass

- 4 -

Case 2:14-cv-00639-RTR   Filed 06/10/15   Page 4 of 6   Document 53

incidents where people *and things* fell from a departing truck. Sandoval's request does not encompass other types of incidents, including on-the-road accidents or collisions with property or persons.

As to time, BTT admits that it has a searchable database, but argues that because the reports were drafted by different people who did not necessarily use the same verbiage, each report must be reviewed individually to determine whether it is responsive to Sandoval's requests. Counsel for the plaintiffs, however, offered to inspect the documents themselves. Thus, based on the offer from plaintiff's counsel, BTT would not be subject to any burden, much less an undue burden, if it merely accepted Sandoval's offer to determine which documents meet the criteria of person or property falling from a dock on departure. Therefore, BTT can accept plaintiff's offer or incur the expense by conducting its own review of the records.

Finally, BTT argues that the requested documents are privileged pursuant to the self-analysis privilege, the purpose of which is to "protect from disclosure documents containing candid and potentially damaging self-criticism." *Tice v. Am. Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D. Ill. 2000). The privilege does not apply, as here, to voluntary routine safety reviews. *Dowling v. Am. Hawaii Cruises, Inc.*, 971 F.2d 423, 426 (9th Cir.

- 5 -

1992).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Sandoval's motion to compel [ECF No. 44] is **GRANTED**; and

2. BTT's motion for a protective order [ECF No. 45] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2015.

                                    **BY THE COURT:**

                                    *[signature: Rudolph T. Randa]*

                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**